UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LATASHA WALLACE, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| AMAZON.COM SERVICES, LLC, | : | |
| | : | |
| Defendant. | : | March 11, 2026 |

Jury Trial Demanded

## COMPLAINT

Plaintiff Latasha Wallace, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1. Plaintiff Latasha Wallace was and is a Connecticut citizen residing in the City of Hartford.

2. Defendant Amazon.com Services, LLC was and is a Delaware limited liability company with a principal place of business located at 410 Terry Avenue No., Seattle Washington 98258.

3. At all times material, plaintiff was an employee within the meaning of the ADA Amendments Act of 2008 (ADAAA).

4. At all times material, defendant was an employer within the meaning of the ADAAA.

5. At all times material, plaintiff was an employee within the meaning of the

1

Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-58 *et seq.*

6.   At all times material, defendant was and employer within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-58 *et seq.*

## JURISDICTION AND VENUE

7.   The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.

8.   This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

9.   The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

10.  Defendant employed plaintiff.

11.  Defendant hired the plaintiff in October 2023.

12.  Defendant hired plaintiff for the job position named "Picker".

13.  Plaintiff was qualified for the "Picker" position.

14.  Plaintiff worked at defendant's Windsor, Connecticut facility.

15.  Plaintiff was subsequently re-assigned to the job position called "Packer".

16.  Plaintiff was qualified for the "Packer" position.

17.  Plaintiff suffers spinal stenosis.

18.  Spinal stenosis is a narrowing of the spinal canal in the lower part of the back.

19.  Stenosis causes pressure on the spinal cord or the nerves that go from the spinal cord to the muscles.

20. Symptoms of stenosis include pain, numbness and weakness.

21. The spinal stenosis is a chronic condition.

22. The spinal stenosis substantially limits one or major life activity including lifting.

23. On or about November 7, 2023, plaintiff sustained a work-related injury. The work-related injury was unrelated to her physical disability.

24. Plaintiff provided Respondent with a letter dated November 17, 2023 from her treating health care provider, Niko Broodie-Murray, MD. The letter set forth the physical accommodations Complainant would need for her physical disability.

25. The accommodations communicated in the doctor's letter consisted of: no heavy lifting more than 20 pounds; no working more than 8 hour shifts per day; 4 day work weeks; and no repetitive bending.

26. Defendant was notified of plaintiff's request to have her physical disability reasonably accommodated.

27. After November 7, 2023, the defendant put the plaintiff out-of-work and off the schedule.

28. Defendant told the Plaintiff that it was looking to find a job position to assign her to.

29. Defendant has a job position called Packed Singles.

30. Plaintiff was qualified for the Packed Singles position.

31. Plaintiff was informed by an employee of the defendant that the company had open Packed Singles positions.

32. Defendant never informed plaintiff as to what job positions it was purportedly searching to assign the plaintiff to.

33. On April 16, 2024, defendant terminated plaintiff's employment.

34. Defendant told plaintiff that it could not comply with her accommodations.

35. Defendant's statement was not true.

36. Plaintiff's accommodations request was reasonable.

37. Defendant failed to engage in the reasonable accommodation interactive process in good faith.

38. The termination was caused by the failure to accommodate.

39. At times material, the plaintiff can perform the essential functions of the job or the job desired with or without a reasonable accommodation.

40. On or about August 30, 2024, plaintiff filed a complaint against defendant with the State of Connecticut Commission on Human Rights and Opportunities (CHRO).

41. On or about August 30, 2024, plaintiff filed a complaint against defendant with the Equal Employment Opportunity Commission (EEOC).

42. On or about December 18, 2025, plaintiff received a Release of Jurisdiction from the CHRO (copy attached hereto as Ex.1).

43. Plaintiff receipt of a right to sue letter from the EEOC is pending and once received will be attached hereto as Exhibit 2.

## FIRST COUNT
### (Disability Discrimination in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 43 above as if fully incorporated herein.

44. Defendant's actions violate The Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

45. Defendant, by and through its agents and/or employees, violated the Americans

4

with Disabilities Act, in one or more of the following ways:

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee;

(c) In that defendant terminated plaintiff's employment;

(d) In that defendant treated the plaintiff adversely different from similarly situated employees;

(e) In that defendant intentionally discriminated against the plaintiff on the basis of disability.

46. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

47. As a further result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

48. As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

49. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

50. Defendant exhibited reckless indifference to the plaintiff's civil rights by terminating her employment on the basis of her disability.

## SECOND COUNT
### (Failure to Accommodate in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 50 above as if fully incorporated herein.

51. Plaintiff requested reasonable accommodation for her disability.

52. Defendant denied the accommodations.

53. As a result of the accommodation denial, plaintiff sustained harms and losses including loss of employment, loss of income, loss of employment benefits, emotional pain and suffering.

## THIRD COUNT
### (Retaliation in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 53 above as if fully incorporated herein.

54. Plaintiff requested reasonable accommodation for his disability.

55. Defendant received plaintiff's accommodation request.

56. Defendant retaliated against plaintiff for requesting reasonable accommodation.

57. As a result of the retaliation, plaintiff sustained harms and losses.

## FOURTH COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(b)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 57 above as if fully incorporated herein.

58. Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60b *et seq.* in one or more of the following ways.

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

6

(b) In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c) In that defendant treated the plaintiff adversely different from similarly situated employees;

(d) In that defendant terminated plaintiff's employment on account of her disability;

(e) In that defendant intentionally discriminated against the plaintiff.

59. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

60. As a result of defendant's discrimination of the plaintiff, plaintiff has been deprived of employment, income, wages, and benefits.

61. As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

62. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## FIFTH COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(b)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 62 above as if fully incorporated herein.

63. Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60b *et seq.* in one or more of the following ways.

(a) In that defendant failed to accommodate plaintiff's disability;

7

(b)     In that defendant failed to engage in good faith with the reasonable accommodation interactive process.

64.     As a result of defendant's failure to accommodate, plaintiff has been deprived of employment, income, wages, and benefits.

65.     As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

66.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SIXTH COUNT
### (Retaliation in Violation of C.G.S. §46a-60(b)(4))

1.      Plaintiff repeats the allegations in paragraphs 1 through 66 above as if fully incorporated herein.

67.     Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.*, when it retaliated against plaintiff for requesting a reasonable accommodation.

68.     As a result of the retaliation, plaintiff sustained harms and losses.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal, vacation, holiday and sick days; ADA punitive damages; CFEPA punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; post judgment interest; damages for extra taxes; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: March 11, 2026

James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

Latasha Wallace
**COMPLAINANT**

vs.

CHRO No. 2510087
EEOC No. 16A-2024-01796

Amazon Services, LLC.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

*Tanya A. Hughes*

**DATE:** December 18, 2025

Tanya A. Hughes, Executive Director

Service:
**Complainant:** Latasha Wallace (Via Email – latasha3409@gmail.com)
**Complainant's Attorney:** James Sabatini, Esq. (Via Email – jsabatini@sabatinilaw.com)
　　　　　　　　　　　　　Leila Duric, Esq. (Via Email – lduric@sabatinilaw.com)
**Respondent's Attorney:** Laura Goldstein, Esq. (Via Email – lgoldstein@littler.com)

# EXHIBIT 2